SADLER v. NICHOLSON.

1. CORPORATION—STOCKHOLDER—CREDITOR.—A creditor of an insolvent corporation may sue one stockholder alone, on his statutory liability as stockholder, where the act chartering the corporation makes such liability joint and several.

2. THIS EXCEPTION is not well founded, because the testimony objected to by defendant as being ruled out was admitted.

3. CORPORATION—STOCKHOLDERS.—The charter of a corporation providing that a demand against it must be payable in one year, in order to make stockholders liable, *construed not* to mean that the action must be brought within one year after maturity.

4. DEFENSE—LACHES—ACTION AT LAW.—The defense of laches is not available to an action at law not barred by the statute.

Before WITHERSPOON, J., Chester, March term, 1896. Affirmed.

Action by S. N. Sadler against S. G. Nicholson, H. M. Ross, and H. J. McKeown, as stockholders of the Fishing Creek Manufacturing Company, on their liability as stockholders. The complaint was dismissed as to the two latter

and continued against the first named. Judgment against her for $200. Defendant appeals.

*Mr. S. P. Hamilton*, for appellant, cites: ,On *first point decided:* 17 S. C., 339.

*Messrs. Barber & Marion*, contra, cite: On *first point decided:* 25 S. C., 352; 14 S. C., 494; 20 S. C., 79; 3 Strob., 282; Cheves, 185; 2 McM., 347; Code, 194; 9 S. C., 334; 18 S. C., 305; 26 S. C., 474. On *the fourth point:* 26 S. C., 186; 27 S. C., 193.

March 29, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a suit by the plaintiff, as a creditor of the Fishing Creek Manufacturing Company, a corporation under the laws of this State, against the defendant, as a stockholder of said corporation, to recover of her $200, ten per cent. of the par value of the shares of stock held by her at the time the demand of plaintiff was created, as a liability imposed upon her by the charter of incorporation. The complaint, in alleging the nature of plaintiff's demand, said: "That on and prior to 23d June, 1894, the plaintiff, S. N. Sadler, was in the employ of the said Fishing Creek Manufacturing Company as night watchman, and was to receive for his services in said capacity, according to contract, wages at the rate of $1 per day, payable semi-monthly; that on the 23d of June, 1894, in consideration of services rendered in the capacity above mentioned, the said Fishing Creek Manufacturing Company, by its officers duly authorized thereunto, executed and delivered to this plaintiff a written acknowledgment of indebtedness, of which the following is a copy: 'Factory P. O., June 23d, 1894. Due S. N. Sadler, for services as night watchman for the Fishing Creek Manufacturing Company, $343.58. Fishing Creek Manufacturing Company, by J. T. Marion, President.' " It was admitted in the answer that at the time of the commencement of this action the defendant was the owner of forty shares of the

capital stock of the Fishing Creek Manufacturing Company, of the par value of $50 each.

The jury found a verdict for $200 against the defendant, and from the judgment entered thereon the defendant appeals, upon the several grounds hereafter noticed. The suit was originally brought against Sarah G. Nicholson, H. M. Ross, and H. J. McKeown, but on motion of plaintiff, the names of the two last named were stricken from the record.

Appellant, in his first ground of appeal, alleges that this was error, and that all the stockholders of the company are necessary parties. The action is based on section 10 of the "act to incorporate the Fishing Creek Manufacturing Company of South Carolina," approved February 20th, 1880, 17 Stat., 252, which, so far as material here, is as follows: "Each stockholder in said corporation shall be jointly and severally liable to the creditors thereof in an amount, besides the value of his share or shares therein, not exceeding ten per cent. of the par value of the share or shares held by him at the time the demand of the creditor was created: *Provided*, That such demand shall have been payable within one year: *Provided, also*, That proceedings to hold such stockholders liable therefor shall be commenced whilst he remains a stockholder therein, or within two years after he shall cease to be such stockholder," &c. The liability of a stockholder to the creditors of the corporation rests upon contract implied from the acceptance of a charter containing such provision. *Hall & Co.* v. *Klinck,* 25 S. C., 352, and it is expressly made joint and several. In such case, sec. 157, subdiv. 2 and 3, of the Code provides how judgment may be taken, viz: "2. If the action be against defendants severally liable, he (plaintiff) may proceed against the defendants served in the same manner as if they were the only defendants. 3. If all the defendants have been served, judgment may be taken against any or either of them severally, where the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any of

them, alone." As shown in *Hall & Co.* v. *Klinck, supra,* a single creditor could sue a single stockholder under such a statutory provision as contained in this charter. The Code has ample power to strike out the name of a party. Sec. 194. Even under the practice previous to the Code, the right to discontinue against any defendant where the cause of action was joint and several, especially with the concurrence of the Court, was well settled. *Freeman* v. *Clark,* 3 Strob., 282.

The second exception complains that the Circuit Judge erred in refusing to allow the defendant to go behind the due bill of the company to show, as the complaint shows, that the original debt was for services as night watchman at Fishing Creek Factory, at a dollar a day, payable semi-monthly. This exception is not well founded, for the record shows that defendant was allowed to go very fully into the matter of the services for which the due bill was given. It was shown that the due bill was given for services as night watchman at Fishing Creek Factory, at a dollar a day, payable semi-monthly, $343.48 being the amount due at the date of the due bill. It was admitted by plaintiff's counsel that the services for which the due bill was given commenced in May, 1893. Plaintiff testified, in answer to question from defendant's counsel, that he began to work for the Fishing Creek Manufacturing Company under this contract, in January, 1890; that he drew out money when he needed it, and on June 23, 1894, took this due bill for what was then due him.

The third exception alleges that plaintiff's right of action on the stockholders' liability is barred because the original contract of hiring at one dollar a day, payable semi-monthly, commenced on January 1st, 1890. Appellant's fundamental error is in assuming that the charter of the Fishing Creek Manufacturing Company requires suit to be brought against a stockholder within one year after the debt became due. Under this charter, the conditions are that the demand must be payable within one year, and pro-

ceedings to hold the stockholder liable must.be commenced whilst he remains a stockholder therein, or within two years after he shall cease to be such stockholder. The answer admits the existence of the second condition, and it is clear that the creditor's demand in this case was payable within one year. The Circuit Judge charged the jury, as to the due bill, that it was due at any time after its date, on demand, and in order to make out his case, plaintiff must satisfy the jury that the due bill was payable within one year. So that whether the contract for services or the due bill be treated as the creditor's demand in this case, the statutory conditions for the stockholder's liability exists. This case is distinguishable from the case of *Union Bank* v. *Wando Mining and Mfg. Co.,* 17 S. C., 339, relied on by appellant; for in that case it was expressly provided in the charter of the defendant company that "suit for the collection of such debt shall be brought against said company within one year after the debt shall become due," as a condition for a stockholder's liability.

As to the fourth exception, alleging error in refusing the motion for a nonsuit, it is only necessary to say that there was sufficient evidence on all the material allegations of the complaint to send the case to the jury. The defendant, in her answer, sets up as a defense the negligence and laches on the part of the plaintiff in not collecting of the company his claim for services semi-monthly, as it fell due, and attempted to offer evidence on this line, but the Circuit Judge declined to submit the question of laches to the jury. There was no error in this. This was an action at law brought within the period of the statutory limitation, and the equitable defense of laches was not available.

The fifth and sixth exceptions, therefore, are not well taken. We do not find that the Circuit Judge charged as excepted to in the seventh ground of appeal, which is, therefore, overruled. The eighth exception has been disposed of in what has been said.

The judgment of the Circuit Court is affirmed.